# UNITED STATES DISTRICT COURT

# DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| SETH A. LEACHMAN, ) | |
| ) | |
| Plaintiff, ) | Cause No. CV-11-41-BLG-RFC |
| ) | |
| v. ) | |
| ) | ORDER GRANTING |
| JUDGE PEDRO R. HERNANDEZ, ) | MOTION TO DISMISS |
| ) | |
| Defendant. ) | |
| _____) | |

## I. INTRODUCTION

Seth Leachman, proceeding pro se, filed this lawsuit against Yellowstone County Justice of the Peace Pedro Hernandez alleging that an Order issued April 20, 2011 violated his constitutional rights. Pending before the Court is Hernandez's motion to dismiss. *Doc. 5*. The motion must be granted because Judge Hernandez is absolutely immune from suits for damages arising out of judicial acts and because the *Rooker-Feldman* doctrine prevents this Court from hearing cases that are *de facto* appeals of state court decisions.

1

## II. FACTUAL BACKGROUND

Plaintiff Seth Leachman ("Leachman") is the adult son of James Leachman, who formerly owned a herd of horses located primarily in Yellowstone County, Montana. The State of Montana filed misdemeanor animal cruelty charges against James Leachman alleging he inadequately cared for the herd, resulting in the death and euthanization of several horses. Defendant Pedro Hernandez ("Judge Hernandez") is the Yellowstone County Justice of the Peace assigned to James Leachman's case. James Leachman's horses have since been sold at auction.

Leachman owns approximately 65 horses which were located on Indian Trust land located in Yellowstone County leased by his father, James Leachman. The State became concerned about the safety of the horses because the land leased by James Leachman was dry and the herd was trespassing onto other land to obtain water. This resulted in amended charges against James Leachman, as well as amendment of the order releasing him pending trial requiring him to prevent the horses from trespassing on land he did not own or lease. Pursuant to the State's request, on April 20, 2011, Judge Hernandez ordered Seth Leachman to remove his horses from his father's leased land within 10 days.

Leachman responded with this lawsuit alleging four causes of action.

2

Leachman seeks damages for out-of-pocket expenses and expenditures, damages for emotional distress, punitive damages, a declaratory judgment that Judge Hernandez's April 20, 2011 Order violated his constitutional rights, injunctive relief preventing Judge Hernandez from exercising authority over him, as well as fees and costs. *Doc. 1*.

### III. ANALYSIS

At the outset, the Court notes that this case is subject to summary dismissal pursuant to Local Rule of Procedure 7.1(d)(1)(B) because Leachman failed to file a brief in opposition to Judge Hernandez's motion to dismiss. But since Leachman is proceeding *pro se,* the case can be easily dismissed on its merits, and a ruling on the merits is always preferable, the Court will consider the motion on its merits. Judge Hernandez argues this case must be dismissed with prejudice because he is shielded by judicial immunity for judicial acts taken within his jurisdiction and also because the *Rooker-Feldman* doctrine precludes this Court from hearing cases which are in essence appeals from an adverse decision by a state Court.

A motion to dismiss for judicial immunity is properly brought under Rule 12(b)(6) Fed.R.Civ.P. *See Meek v. County of Riverside,* 183 F.3d 962, 956 (9th Cir. 1999). To survive a Rule 12(b)(6) motion to dismiss, a "complaint must

3

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausible does not mean probable, but there must be more than a "sheer possibility" of unlawful action on the part of defendant. *Id.*

A motion to dismiss pursuant to the *Rooker-Feldman* doctrine, however, is a motion to dismiss for lack of subject matter jurisdiction properly brought pursuant to Rule 12(b)(1) Fed.R.Civ.P. *Wolfe v. Strankman,* 392 F.3d 358, 362 (9th Cir. 2004). Although Judge Hernandez does not expressly state so, it appears he is making a facial attack, rather than a factual attack, alleging that the allegations in the complaint are insufficient on their face to invoke federal jurisdiction. *Id.* Accordingly, as with the 12(b)(6) motion to dismiss for failure to state a claim based on judicial immunity, the Court assumes all of the allegations in the Complaint are true, draws all reasonable inferences in Leachman's favor, and construes the *pro se* Complaint liberally. *Id.*

Finally, although Judge Hernandez attached the transcript of the hearing in

4

which he issued the Order requiring Leachman to remove his horses from his father's leased land as well as the written order accomplishing the same, Judge Hernandez's Order is the subject of this action. The Court may therefore treat the Order and the transcript as part of the Complaint for purposes of this motion to dismiss. *See United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003). In any event, the result would be the same even if the Court had not reviewed the transcript and the written Order.

With respect to Judge Hernandez's claim of judicial immunity, it has long been established that judges are immune from liability for damages for acts within their judicial jurisdiction, even when they are accused of acting maliciously and corruptly. *Pierson v. Ray,* 386 U.S. 547, 554 (1967). Like all forms of immunity, judicial immunity is immunity from suit, not just from the imposition of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). There are only two exceptions to judicial immunity: (1) actions not taken in the judge's judicial capacity and (2) actions that are judicial in nature, but taken in the complete absence of all jurisdiction. *Id.* A complete absence of all jurisdiction means a clear lack of subject matter jurisdiction. *Miller v. Davis*, 521 F.3d 1142, 1147 (9th Cir. 2008).

In this case, judicial immunity bars any claim for damages against Judge

Hernandez. All causes of action in the complaint arise because "On April 20, 2011, Judge Pedro R. Hernandez, while sitting as a judge in Case No. CR-2001-0000082, in the Justice Court of Yellowstone County, willfully signed a written Order, directing the Plaintiff, Seth A. Leachman, to remove the subject horses from the herein mentioned pasture land within ten (10) days of the date of the Order." *Doc. 1, ¶ III*. Even construing these allegations in Leachmen's favor, it cannot be disputed that Judge Hernandez was acting within his judicial capacity. Further, Judge Hernandez issued the order in the misdemeanor criminal prosecution of Leachmen's father, an action clearly within his subject matter jurisdiction. It is another question whether Judge Hernandez properly exercised personal jurisdiction over Seth Leachman, considering that he was not a party to any pending controversy before the Court, but–as discussed below–Leachmen must raise that argument with a Montana court.

Judge Hernandez also asserts judicial immunity applies to suits seeking declaratory, injunctive, and other forms of equitable relief, in addition to suits seeking monetary damages, citing *Moore v. Brewster,* 96 F.3d 1240, 1244 (9th Cir. 1996). This rule, however, applies to federal judicial officers. *Moore* makes clear that state officials enjoy judicial or quasi-judicial immunity from damages

6

only. *Id., citing Pulliam v. Allen,* 466 U.S. 522, 541-42 (1984). Accordingly, although judicial immunity prevents any claim for damages, it is not grounds for dismissing the suit in its entirety.

The *Rooker-Feldman* doctrine, however, requires that this case be dismissed. The *Rooker-Feldman* doctrine bars federal district courts from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court:

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction.

*Wolfe,* 392 F.3d at 263.

As noted, all of Leachman's claims arise out of Judge Hernandez's April 20, 2011 Order requiring the removal of horses from the land leased by Leachman's father. In addition to money damages, Leachman seeks a declaratory judgment that the April 20 Order erroneous and unlawfully deprived him of his constitutional rights, as well as a writ of prohibition or permanent injunction enjoining Judge Hernandez from taking further action against him. Since the only possible construction of Leachman's Complaint is that Judge Hernandezs' decision was erroneous and that Leachmen should be free of it, the *Rooker-Feldman* doctrine

precludes this Court from hearing this case.

Finally, since there is no amendment that would allow Leachmen to recover damages against Judge Hernandez or that would grant this Court jurisdiction to hear a lawsuit that is a *de facto* appeal of a state court decision, amendment would be futile and this dismissal is with prejudice. *Schmier v. U.S. Court of Appeals for Ninth Circuit,* 279 F.3d 817, 824 (9th Cir. 2001).

## IV. ORDER

For those reasons, **IT IS HEREBY ORDERED** that Judge Hernandez's motion to dismiss (*doc. 5*) is **GRANTED**: this case is dismissed with prejudice.

The Clerk of Court is directed to notify the parties of the entry of this Order and close this case.

Dated this 28th day of June, 2011.

                                                  */s/ Richard F. Cebull*_____
                                                  Richard F. Cebull
                                                  United States District Judge